UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| INTERNATIONAL PAINTERS & ALLIED TRADES INDUSTRY PENSION FUND *et al.*, | : : : : : | Civil Action No.: | 09-0882 (RMU) |
| Plaintiffs, | : : | Re Document No.: | 6 |
| v. | : : | | |
| EXECUTIVE PAINTING, INC., | : : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART THE
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

**I. INTRODUCTION**

This matter comes before the court on the plaintiffs' motion for entry of default judgment. The plaintiffs, the International Painters and Allied Trades Industry Pension Fund ("the Pension Fund") and Gary J. Meyers, the fund's fiduciary, allege that the defendant failed to make monthly contributions to employee benefit funds in violation of collective bargaining agreements ("CBAs") and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. The defendant, though properly served, has not responded to the lawsuit; accordingly, the plaintiffs now seek entry of default judgment and request monetary damages and injunctive relief. For the reasons discussed below, the court concludes that the defendant is liable to the plaintiffs and grants the plaintiffs' request for injunctive relief and attorney's fees and costs, but denies without prejudice the plaintiffs' remaining requests for damages.

## II. FACTUAL & PROCEDURAL BACKGROUND

In June 2008, the defendant entered into a series of CBAs, consisting of a Labor Contract, an Agreement and Declaration of Trust of the Fund ("the Trust Agreement") and the International Painters and Allied Trades Industry Pension Plan ("the Pension Plan"), with local labor unions or district councils affiliated with the International Union of Painters and Allied Trades. Compl. ¶¶ 15-16. The CBAs require the defendant to (1) remit monthly contributions to employee benefit funds, (2) submit remittance reports each month detailing the employees or work for which contributions were required pursuant to the CBAs, (3) produce all books and records for an audit at the plaintiffs' request and (4) pay liquidated damages, late fees, interest, audit costs and other costs incurred by the plaintiffs in collecting delinquent contributions. *Id.* ¶ 17. The plaintiffs commenced this action on behalf of the Trustees of the Pension Fund in May 2009, alleging that the defendant violated the CBAs by failing to contribute to the employee benefit funds from October 2008 through April 2009. *Id.* ¶ 7, 20. The plaintiffs seek to recover all delinquent contributions owed by the defendant, including such relief as prescribed by ERISA. *Id.* ¶¶ 20-21. In addition, the plaintiffs ask the court to order the defendant to participate in an audit and award them all contributions found owing during the audit. *Id.* ¶¶ 29, 32.

The plaintiffs served the defendant with the complaint and summons on September 1, 2009. Pls.' Mot. at 2. The Clerk of the Court entered default on November 19, 2009. *See* Entry of Default. On the same day, pursuant to Federal Rule of Civil Procedure 55(b), the plaintiffs

filed this motion.[1]  Despite being served with both the plaintiffs' request for entry of default[2] and the instant motion, the defendant has failed to answer the complaint, respond to the plaintiffs' motion for default judgment or otherwise defend itself in this action.  The court turns now to the applicable legal standard and the plaintiffs' requests for relief.

## III.  ANALYSIS

### A.  Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics.  *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980).  Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules."  FED. R. CIV. P. 55(a).  Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs.  *Id.* 55(b)(2).  Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to

---

[1] Rule 55 specifies a two-step process for a party seeking to obtain a default judgment.  First, the plaintiff must request that the Clerk of the Court enter a default against the party who has "failed to plead or otherwise defend" against an action.  FED. R. CIV. P. 55(a).  Second, if the plaintiff's claim is not for a "sum certain," the party must apply to the court for an entry of default judgment.  *Id.* 55(b)(2).  This two-step process gives a defendant an opportunity to move to set aside a default before the court enters judgment.  *Id.* 55(c); *see also H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.D.C. 1970) (stating that "[t]he notice requirement contained in Rule 55(b)(2) is . . . a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings . . . have otherwise indicated to the moving party a clear purpose to defend the suit").

[2] The plaintiffs mailed the Notice of Default to the defendant's address as listed in the complaint, but the document was returned as undeliverable.  *See* Docket Entry No. 7 (Dec. 3, 2009).  The Clerk of the Court then successfully resent the Notice to both the address listed on the Certificate of Service of the Affidavit for Default and the address listed in the complaint.  *See id.*

use the court's power to enter judgment as a penalty for filing delays, modern courts do not favor default judgments. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party . . . [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id.* at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of the trial"). Default does not, however, establish liability for the amount of damage that the plaintiff claims. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty). The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

## B. The Court Grants in Part and Denies Without Prejudice in Part the Plaintiffs' Motion for Default Judgment

The plaintiffs assert that they are entitled to default judgment because the defendant has failed to answer the complaint or otherwise defend itself in this action. Pls.' Mot. at 2. Given the defendant's failure to respond, the plaintiffs contend that all factual allegations in the complaint are deemed admitted. *Id.* Accordingly, the plaintiffs seek an order (1) holding the defendant liable, (2) awarding them, pursuant to ERISA and § 10 of the Pension Plan, $46,354.50 in unpaid benefit contributions for the period of October 2008 through September 2009, $1,169.11 in interest through October 15, 2009, $14,780 in liquidated damages and $5,676.20 in attorney's fees and costs and (3) requiring the defendant to provide all outstanding remittance reports, submit to an audit and remit any additional outstanding contributions discovered in the reports or audit. *Id.* at 5-6, 9. The court addresses each of the plaintiffs' requests in turn.

### 1. The Defendant is Liable to the Plaintiffs

Default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *H. F. Livermore Corp.*, 432 F.2d at 691. As noted above, the plaintiffs served the defendant with the complaint on September 1, 2009. Pls.' Mot. at 2. Since that date, the defendant has failed to plead or otherwise defend itself in this action. Moreover, the defendant has not responded to the plaintiffs' request for entry of default or to the instant motion. Given the defendant's unresponsiveness, the court concludes that default judgment is appropriate. *See Fanning v. Permanent Solution Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (concluding that the defendant was liable to the plaintiff because the defendant had failed to respond to the complaint or otherwise defend itself); *Int'l Painters & Allied Trades*

*Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (granting default judgment because the defendant had failed to request to set aside the default or suggest that it had a meritorious defense).

As a result of the entry of default, the court construes all well-pleaded allegations in the complaint as admitted. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds,* 409 U.S. 363 (1973)); *accord Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). The plaintiffs assert that the defendant violated the CBAs and ERISA by failing to make monthly contributions to the plaintiffs from October 2008 through April 2009 and by failing to submit monthly remittance reports. Compl. ¶¶ 20, 24. The court accepts these well-pleaded allegations as admissions of the defendant's liability. *Adkins*, 180 F. Supp. 2d at 17; *see also Fanning*, 257 F.R.D. at 7 (concluding that the plaintiffs sufficiently alleged facts to support their claims and accepting the well-pleaded allegations as true). The court must now determine the appropriate relief.

### 2. The Court Grants in Part and Denies Without Prejudice in Part the Plaintiffs' Request for Money Damages

### a. The Court Denies Without Prejudice the Plaintiffs' Request for Unpaid Benefit Contributions, Interest, Liquidated Damages and Penalties

The plaintiffs contend that the defendant failed to remit contributions from October 2008 through September 2009 and estimate that the defendant owes them $46,354.50 in unpaid contributions for this period.[3] Pls.' Mot. at 5. In addition, the plaintiffs seek $1,169.11 in

---

[3] Although in the complaint, which was filed in May 2009, the plaintiffs seek unpaid contributions through April 2009, the plaintiffs extend that period through September 2009 in the instant motion, which was filed in November 2009, presumably because the defendant continued to fail to remit monthly contributions. *Compare* Compl. ¶ 20 *with* Pls.' Mot. at 5.

interest through October 15, 2009 on the unpaid contributions.[4] Finally, the plaintiffs request liquidated damages in the amount of $14,780.70, consisting of twenty percent of the unpaid contributions ($9,270.90), calculated in accordance with § 1132(g)(2)(C) of ERISA,[5] and $5,509.80 for "contributions that were paid beyond the due date." *Id.*

When moving for default judgment, the plaintiffs must prove that they are entitled to the requested damages. *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30 (citing *Oberstar v. Fed. Deposit Ins. Comm'n*, 987 F.2d 494, 505 n.9 (8th Cir. 1993)). Unless the amount of damages is certain, the court must make an independent determination of the sum to be awarded. *Adkins*, 180 F. Supp. 2d at 17. The court may hold a hearing or rely on detailed affidavits or documentary evidence to calculate the plaintiffs' damages. *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). The plaintiffs are entitled to relief in the form of unpaid contributions, interest on the unpaid contributions, liquidated damages specified in the plan but not in excess of twenty percent of the unpaid contributions, reasonable attorney's fees and any other appropriate equitable relief.[6] 29 U.S.C. § 1132(g)(2). The plaintiffs must prove these damages to a reasonable certainty. *Compare Flynn v. Extreme Granite, Inc.*, 671 F. Supp. 2d 157, 162 (D.D.C. 2009) (deeming the plaintiffs' estimate of damages "as accurate as possible under the circumstances") *and Combs v.*

---

[4] This figure is calculated in accordance with the Internal Revenue Service fluctuating rate for delinquent taxes. Pls.' Mot. at 5.

[5] ERISA provides for the assessment of liquidated damages in the amount of either the interest owed on the unpaid contributions or twenty percent of the unpaid contributions – whichever is greater. 29 U.S.C. § 1132(g)(2)(C). Based on the plaintiffs' estimates, twenty percent of the unpaid contributions is greater than the interest owed. Pls.' Mot. at 5.

[6] Section 10.12 of the Pension Plan parallels the relief outlined in ERISA, 29 U.S.C. § 1132(g)(2). *See* Compl., Ex. 3 at 65.

*Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984) (awarding monetary damages because the plaintiff's affidavit set forth a calculation of the requested damages that the court was able to ascertain as accurate) *with Gillespie v. Capitol Reprographics, LLC*, 573 F. Supp. 2d 80, 87 (D.D.C. 2008) (vacating the grant of default judgment and concluding that additional proof was needed to validate the plaintiff's claim for monetary damages) *and Credit Lyonnais Secs. (USA), Inc.*, 183 F.3d at 155 (noting that the district court should not have granted default judgment because the evidence was insufficient to ascertain damages with reasonable certainty).

Although the plaintiffs have established that they are entitled to monetary damages pursuant to the CBAs and 29 U.S.C. § 1132(g)(2), they have not provided the court with sufficient information to ascertain such damages with reasonable certainty. *See generally* Compl.; Pls.' Mot. The plaintiffs state that they are unable to calculate the precise amount of unpaid contributions because the defendant failed to provide monthly remittance reports, Compl. ¶¶ 20, 24, and instead claim an estimated $46,354.50 in unpaid contributions for the period from October 2008 through September 2009, Pls.' Mot. at 5. Neither the complaint nor the affidavit attached to the instant motion, however, details the calculations on which the plaintiffs based their estimate. *See generally* Compl.; Pls.' Mot. Although the court may award damages based solely on an estimate, it cannot do so in this case because it lacks the necessary information to verify the plaintiffs' claim for unpaid contributions. *See Combs*, 105 F.R.D. at 474 (stating that if monetary damages are based on an estimate, the court must conduct a factual evaluation before entering default judgment); *cf. Int'l Painters & Allied Trades Indus. Pension Fund v. Lasalle Glass & Mirror Co.*, 2010 WL 1539763, at *4 (D.D.C. Apr. 19, 2010) (approving the plaintiffs'

calculation of damages as reasonable because the plaintiffs estimated the unpaid contributions due each month based on an average of the three previous months for which reports were submitted).

Moreover, because the plaintiffs' claims for interest and liquidated damages are based on their estimate of unpaid contributions, the court is also unable to verify the accuracy of these requests with reasonable certainty. Thus, the court cannot grant the plaintiffs' requests for interest and liquidated damages. *See Credit Lyonnais Secs. (USA), Inc.*, 183 F.3d at 155; *see also Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111 (remanding the case to the district court to calculate damages based on appropriate evidence because the district court had erroneously accepted the plaintiff's estimate of damages at face value); *Gillespie*, 573 F. Supp. 2d at 87 (concluding that the grant of default judgment was improper because the court needed additional information to ascertain the plaintiff's claim for monetary damages).

Finally, the plaintiffs seek $5,509.80 in "contributions that were paid beyond the due date." Pls.' Mot. at 5. The court presumes that the plaintiffs mean to suggest that this is the amount the defendant owes in penalties for the untimely contributions. *See* Compl., Ex. 2 at 16 (entitling the plaintiffs to seek penalties against the defendant for contributions that are not paid when due). It is unclear from the plaintiffs' motion and the attached declarations, however, how the plaintiffs derived this figure. *See generally* Pls.' Mot. Though the plaintiffs may be entitled to this relief, the court cannot grant this request without ascertaining the basis of the plaintiffs' calculation. *See R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 32-33 (denying the plaintiff's request for late charges because it failed to discuss how it calculated the amount sought). As a

result of the foregoing, the court denies without prejudice the plaintiffs' request for unpaid contributions, interest, liquidated damages and penalties.

### b. The Court Grants the Plaintiffs' Request for Attorney's Fees and Costs

The plaintiffs also request attorney's fees and costs in the amount of $5,676.20. Pls.' Mot., Ex. 2 ("Flanagan Decl.") ¶ 2 & Ex. 3. ERISA provides that the defendant must pay the reasonable attorney's fees and costs incurred by the plaintiffs in an action seeking delinquent contributions. 29 U.S.C. § 1145(g)(2)(D). Moreover, the CBAs require the defendant to pay all costs of litigation, including attorney's fees, resulting from the defendant's failure to comply with its contractual and statutory obligations. Compl. ¶ 17, Ex. 2 at 16 & Ex. 3 §§ 10.07, 10.12. The documentation attached to the plaintiffs' motion indicates that the plaintiffs incurred $4,839 in attorney's fees and $837.20 in costs through November 2009. Pls.' Mot., Ex. 3. The attorney's fees reflect approximately twenty-two hours of work performed, *see generally id.*, by two attorneys at a rate of $200 per hour and one paralegal at a rate of $70 per hour, Flanagan Decl. ¶¶ 3-4. The plaintiffs have also provided documentation indicating that these rates are consistent with the prevailing market rates in the region. *Id.* ¶¶ 8-9. Accordingly, the court concludes that the plaintiffs' request for attorney's fees and costs is reasonable and awards the plaintiffs $5,676.20 in monetary damages. *See Lasalle Glass & Mirror Co.*, 2010 WL 1539763, at *5 (awarding attorney's fees and costs because the plaintiffs provided documents indicating that the rates were appropriate); *Combs*, 105 F.R.D. at 475 (concluding that the requested attorney's fees were reasonable after reviewing documents submitted with the motion).

### 3. The Court Grants the Plaintiffs' Request for Injunctive Relief

The plaintiffs request that the court order the defendant to submit all outstanding remittance reports and to make all payroll books and related records available to them for the purposes of conducting an audit. Pls.' Mot. at 6-7, 9. Additionally, the plaintiffs request a judgment for any additional delinquent contributions discovered pursuant to the audit. *Id.*

ERISA authorizes courts to grant "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1145(g)(2)(E). Such relief may include an injunction ordering the defendant to submit to an audit. *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 70 (D.D.C. 2002) (quoting *Mason Tenders Dist. Council Welfare Fund v. Bold Constr. Co.*, 2002 WL 1788024, at *3 (S.D.N.Y. Aug. 1, 2002)). The defendant is required, pursuant to Article VI of the Trust Agreement, to file remittance reports and submit to an audit at the plaintiffs' request. *See* Compl., Ex. 2 at 16. Furthermore, ERISA gives trustees of benefit plans the right to review the records of employers contributing to such plans. *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 581 (1985). Because the defendant has not complied with the CBAs or ERISA and has remained unresponsive throughout the judicial process, the court grants the plaintiffs' request for injunctive relief. *See Lasalle Glass & Mirror Co.*, 2010 WL 1539763, at *5; *Carpenters Labor-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 242 (D.D.C. 2007) (granting injunctive relief because the defendant had "demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process") (citing *Int'l Painters & Allied Trades Indus. Pension Fund v. Newburgh*, 468 F. Supp. 2d 215, 218 (D.D.C. 2007)). Therefore, the defendant shall complete and file all outstanding remittance reports within ten days of the entry of the court's order, submit to an

audit within twenty days, pay the costs of the audit and remit any outstanding contributions discovered after the audit with interest and liquidated damages.

## IV. CONCLUSION

For the foregoing reasons, the court grants the plaintiffs' motion for default judgment as to liability and injunctive relief, grants the plaintiffs' request for monetary damages in the amount of $5,676.20 in attorney's fees and costs and denies without prejudice the plaintiffs' request for unpaid contributions, interest, liquidated damages and penalties for the unpaid contributions. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 29th day of June, 2010.

RICARDO M. URBINA
United States District Judge